**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NORTHWEST ADMINISTRATORS, INC.,          No. C 04-5395 CRB

12           Plaintiff,                       **ORDER GRANTING DEFAULT
                                              JUDGMENT**
13       v.

14   CARONE & SONS, INC.,

15           Defendant.
                                        /
16

17          Now before the Court is the plaintiff's motion for a default judgment. Having

18   carefully reviewed the papers submitted by the plaintiff, the Court concludes that oral

19   argument is unnecessary and GRANTS the motion for a default judgment.

20          Plaintiff filed this action to recover unpaid contributions, liquidated damages, and

21   interest for payments due pursuant to a collective bargaining agreement. The defendant did

22   not answer the complaint, and on March 28, 2005, the Clerk entered defendant's default.

23   Plaintiff subsequently filed this pending motion for a default judgment. As of the date of this

24   order, the defendant has not responded to the motion for a default judgment and has not

25   otherwise communicated with the Court.

26          When a court is considering whether to enter a default judgment, it has "an affirmative

27   duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172

28   F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be

**United States District Court**

For the Northern District of California

1   successfully attacked as void, a court should determine whether it has the power, i.e., the

2   jurisdiction, to enter the judgment in the first place.").  Here, the defendant is a resident of

3   California, so the Court may exercise personal jurisdiction.  The Court has subject matter

4   jurisdiction because the plaintiff's claim arises under the Employee Retirement Income

5   Security Act (ERISA), 29 U.S.C. § 1132(e).

6        As the defendant has not answered the complaint, and as the recovery sought is readily

7   ascertainable and certain, the motion for default judgment is GRANTED in the total amount

8   of $5,042.39.  This amount consists of the delinquent employee benefit contribution

9   payments for the months of September 1004, October 2004 and January 2005, plus liquidated

10  damages, interest and attorneys' fees.

11        **IT IS SO ORDERED.**

12

13
    Dated: October 3, 2005
14                                                              _____

15                                                              CHARLES  R. BREYER
                                                                UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

G:\CRBALL\2004\5395\orderredefault.wpd                    2